(153 App. Div. 439.)

GREENER v. GENERAL ELECTRIC CO.

(Supreme Court, Appellate Division, Third Department. November 13, 1912.)

1. EVIDENCE (§ 126*)—COMPETENCY—STATEMENT BY PERSON INJURED—RES GESTÆ.

In an action for an employé's death, claimed to have been caused by defendant's negligence in furnishing a ladder which was too light and not properly stayed, evidence by one who stood near where decedent fell, and hastened to him after the fall, that decedent stated, upon being asked what had happened, "My feet is broke; the ladder bent over,"

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

138 N.Y.S.—18

was admissible as res gestæ, within the rule admitting spontaneous exclamations.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 372–376; Dec. Dig. § 126.*]

2. APPEAL AND ERROR (§ 1051*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.
    Any error in admitting evidence in an action for an employé's death, claimed to have been caused by defendant's negligence in furnishing a ladder not properly stayed, that he stated, when asked what had happened, "The ladder bent over," was not reversible, where it was an evident fact that the ladder was bent and that its bent condition was connected with decedent's fall.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4164–4170; Dec. Dig. § 1051.*]

Lyon and Houghton, JJ., dissenting.

Appeal from Trial Term, Schenectady County.

Action by Mary Greener, as administratrix of Bernard Greener, deceased, against the General Electric Company. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

James O. Carr, of Schenectady, for appellant.

Fryer & Lewis, of Schenectady (Edgar T. Brackett, of Saratoga Springs, of counsel), for respondent.

JOHN M. KELLOGG, J.   147 App. Div. 462, 131 N. Y. Supp. 709, contains a statement of the material facts in this case upon the former appeal.   Upon the trial now under review it appears that, immediately after the intestate fell upon the floor, a comrade asked him what had happened, to which he answered, "My feet is broke; the ladder bent over."   This evidence was received over the defendant's objection and exception.   I think it is not reversible error for two reasons:

[1] 1. Within the rule laid down in People v. Del Vermo, 192 N. Y. 470, 85 N. E. 690, it was proper to show that, immediately after the intestate fell, a comrade standing about 10 feet away hastened to him and asked what was the matter, and his immediate reply, "My feet is broke; the ladder bent over."   In the Del Vermo Case, when the deceased had fallen to the ground, a comrade asked, "What is the matter?" and he replied, "Del Vermo stabbed me with a knife." This was held proper, not as a dying declaration, but, as the court says, "as a part of the res gestæ in the broadest sense of the term, a spontaneous exclamation."   At page 483 of 192 N. Y., at page 695 of 85 N. E., the rule is stated:

"Evidence is admissible of exclamatory statements declaratory of the circumstances of an injury, when uttered by the injured person immediately after the injury, provided that such exclamations be spontaneously expressive of the injured person's observation of the effects of a startling occurrence, and the utterance is made within such limit of time as presumably to preclude fabrication.   It will be observed that this exception contemplates and permits proof of declarations by an injured person made after the event,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

so that it cannot fairly be said that the words spoken really constituted a part of the thing done."

[2] 2. It was a self-evident fact that the ladder was bent over, and that its bent condition was in some way connected with the fall of the intestate. The admission of the declaration, if inadmissible, was not reversible error. The absence of this declaration could not change the result. No reversible error is found in the record.

The judgment and order should therefore be affirmed, with costs. All concur, except LYON, J., who dissents, in opinion in which HOUGHTON, J., concurs.

LYON, J. (dissenting). The evidence as to the circumstances attending the happening of the injury, which the jury has found caused the death of plaintiff's intestate, was practically the same as that given upon the former trial of this action, and stated in the opinion of Justice Kellogg, reported in 147 App. Div. 462, 131 N. Y. Supp. 709, except that it is claimed by the defendant that it now appears that the ladder was not ordinarily used as a means of ascending and descending to and from the girder of the crane. Upon the present trial, however, objection was duly made and exception taken by defendant to the question asked of plaintiff's witness Carlsen, who stood some 10 or 12 feet from the place where the injured man was lying, and who hastened to him immediately after the fall, as to what had happened, to which plaintiff's intestate answer, "My feet is broke; the ladder bent over." While the question as to the admissibility of this evidence may be regarded as a close one (People v. Del Vermo, 192 N. Y. 470, 483, 85 N. E. 690; Scheir v. Quirin, 77 App. Div. 624, 78 N. Y. Supp. 956), yet I think that within the holding in the cases of Waldele v. N. Y. C. & H. R. R. R. Co., 95 N. Y. 274, 47 Am. Rep. 41, and Martin v. N. Y., N. H. & H. R. R. Co., 103 N. Y. 626, 9 N. E. 505, the admission of the testimony constituted reversible error.

The declaration of plaintiff's intestate was not in its nature spontaneous, within the rule admitting exclamations of that character. It was directly declaratory of the claim of plaintiff upon the trial that the defendant was negligent in having furnished a ladder of too light construction and not properly stayed to bear decedent's weight, and hence that it bent over, throwing him to the pavement below. It was in effect a statement that the falling was not accidental, nor due to the negligence of plaintiff's intestate, but that it was due to an occurrence upon which might be predicated negligence upon the part of the defendant. The vital question in the case was what caused decedent to fall.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.